UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:07CV308-3-MU

| | |
|---|---|
| CLEVELAND WESLEY HELLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| RICK JACKSON, ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's 28 U.S.C. § 2254 Petition for Writ of Habeas Corpus filed on September 28, 2007 (Document No. 1.) For the reasons stated herein, the Petitioner's case will be dismissed without prejudice.

Rule 2 of the Rules Governing 2254 Cases provides, in part, that "[t]he petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule." If a § 2254 petition does not comply with 28 U.S.C. § 2242 and Habeas Rule 2, the district court may return it to the petitioner. Here, Petitioner did use an appropriate form in connection with the filing of his 28 U.S.C. § 2254 petition, however he did not provide answers to the questions regarding the date of filing and the date of result of his direct appeal and his collateral attack in state court, specifically his Motion for Appropriate Relief. Without this information, the Court is unable to make a determination as to whether the case is timely filed pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (the AEDPA).[1]

---

[1] It seems Petitioner believes his Petition is untimely given his answer to question 18 on his form Petition regarding the timeliness of his petition. Indeed in response to question 18 Petition

1

Therefore, Petitioner's Petition is dismissed without prejudice. Petition may re-file a complete petition pursuant to 28 U.S.C. § 2254.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the Petitioner's Petition for a Writ of Habeas Corpus is **DISMISSED without prejudice**.

**SO ORDERED.**

Signed: October 9, 2007

Graham C. Mullen
United States District Judge

---

stated: "Petitioner became final more than one year ago, because Petitioner appealed his conviction to the North Carolina Court of Appeals, who had jurisdiction over Petitioner's appeal, thereafter, the Court of Appeals' Decision, Petitioner filed his Motion for Appropriate Relief, Subsequently, filed a Writ of Certiorari to the North Carolina Court of Appeals." (Form Motion at 19.)